In the Matter of the Judicial Settlement of the Account of ALBERT H. MARTIN, as Sole Surviving Executor, etc., of AUGUST W. MARTIN, Deceased.

ALBERT H. MARTIN, Appellant; WILLIAM C. MARTIN and Others, Respondents.

Third Department, June 30, 1931.

*Solomon G. Carpenter* [*A. W. Lent* and *Harold A. Lent* of counsel], for the appellant.

*N. Le Van Haver*, for the respondents.

WHITMYER, J. The claim consisted of a number of items, amounting to $1,103, namely, items totaling $338, expended for board, care and nursing of the executor's father, the decedent,

from November 10, 1928, to February 13, 1929, and items totaling $765 for similar expenditures for his mother from February 13, 1929, to July 10, 1929.

The surrogate allowed the items of expenditure for the father, but disallowed those made for the mother. And the executor is appealing.

The executor's father died on February 13, 1929, leaving him surviving his widow, a son, Albert H. Martin, who is the surviving executor, a son, William C., who is the sole objector, another son, Fred C., and a daughter. He left a last will and testament, in and by which, after the payment of his debts and funeral expenses, he gave to his wife the use, income and profits of all of his property during her life, with the right to use any or all of same, if necessary, for her support and maintenance. Then, he gave to his said son, the surviving executor, the sum of $2,000, and all the rest, residue and remainder of his property to his other children, share and share alike, naming his wife and the surviving executor as executors.

His estate consisted of a bond for $4,000 of his son, the objector, with a mortgage in that amount against his farm, and a claim against him for $374.85, which proved to be uncollectible. The mortgage, with the sum of $392.70, interest accrued, was collected in foreclosure on February 14, 1930.

The account and decree show that the objector's indebtedness to the estate, by reason of the uncollectible claim, is such that he will receive nothing from the residuary estate.

The executor took care of his father and mother at his own home, where they occupied rooms, without paying rent. His father was seventy-eight years of age and was confined to his bed almost constantly, being almost entirely helpless from November, 1928, until he died on February 13, 1929. His mother had a stroke of apoplexy the second day after her husband died and required constant care and attention from that time, until she died, on July 10, 1929. The executor provided for same. She had $1,113.90 when her husband died. His funeral expenses, gravestones for the cemetery, and various expenses, including painting and other work on the objector's farm house, were paid out of the amount. Her moneys were used up. She had the right to use the principal of her husband's estate, if necessary, for her support and maintenance. The necessity arose and existed. And there was evidence that the moneys to be received from the mortgage on the farm were to be used for the care and support of testator and his wife.

The objections included her funeral expenses, but these were subsequently withdrawn.

The disallowed items should have been allowed.

No findings were made, but it appears from the decree that the items disallowed were for board of the mother, from February 13, 1929, to July 10, 1929, at $10 per week, 21 weeks, $210; services of the executor's wife in nursing and care of the mother, 21 weeks and 4 days, at $15 per week, $315; and money paid to a nurse for nursing and care of the mother from February 13, 1929, to June 19, 1929, 16 weeks, at $15 per week, $240, or $765 in all.

There was evidence that the charges were reasonable. They should be allowed in the several amounts.

The decree should be reversed on the law and the facts so far as it relates to the rejected items, and modified so as to allow the same, and the matter should be remitted to the surrogate to proceed in accordance with the opinion, with costs to the appellant payable out of the estate.

All concur.

Decree reversed on the law and the facts so far as it relates to the rejected items, and modified so as to allow same, and matter remitted to the surrogate to proceed in accordance with the opinion, with costs to the appellant payable out of the estate.